37 F.3d 1503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Deangelo BISHOP, Appellant.
 No. 94-1297.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 13, 1994.
Filed: Oct. 14, 1994.
 
 Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Deangelo Bishop appeals his convictions for possession with intent to distribute heroin (Count I), cocaine (Count II) and cocaine base ("crack") (Counts III and IV) in violation of various provisions of 21 U.S.C. § 841 and his very heavy sentence of thirty years imprisonment.
 
 
 2
 On appeal, Bishop asserts (a) error in admission of evidence of Bishop's alleged possession of weapons as violative of Federal Rule of Evidence 404(b) (other crimes evidence) and (b) that the heavy sentence for the "crack" violation resting on the 100:1 ratio for sentencing purposes between "crack" and cocaine violates defendant's constitutional rights to due process and equal protection.
 
 
 3
 We reject these claims as without substantial merit and affirm. The challenge to the weapons evidence fails because the possession of weapons in the proximity of drugs may constitute evidence of intent to distribute narcotics and thus may relate to the crime charged. See United States v. Nunn, 940 F.2d 1128, 1131 (8th Cir. 1991); United States v. Buchanan, 985 F.2d 1372, 1377 (8th Cir. 1993), cert. denied, 114 S. Ct. 2727 (1994); United States v. Brett, 872 F.2d 1365, 1370 (8th Cir.), cert. denied, 493 U.S. 932 (1989). Additionally, admissibility of that evidence as other crimes evidence falls within the discretion of the trial court. See United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992); United States v. Johnson, 934 F.2d 936, 939 (8th Cir. 1991).
 
 
 4
 As to Bishop's contention that the Government failed to inform him about the use of the weapons evidence as required by Rule 404(b), the Government quotes Bishop's attorney as being aware that the Government intended to present this questioned evidence. Moreover, the court held a hearing on Bishop's motion in limine to exclude the firearms evidence and denied the exclusion immediately prior to the opening statement of the trial. These proceedings in substance gave defendant adequate notice of the use of such evidence, and formal compliance with the 404(b) requirements did not serve to prejudice this defendant.
 
 
 5
 We have previously visited the 100:1 ratio between crack and cocaine for sentencing purposes and have rejected similar challenges. See, e.g., United States v. Clary, No. 94-1422, slip op. at 4-10 (8th Cir. Sept. 12, 1994); United States v. Williams, 982 F.2d 1209, 1213 (8th Cir. 1992); United States v. Lattimore, 974 F.2d 971, 975-76 (8th Cir. 1992), cert. denied, 113 S. Ct. 1819 (1993); United States v. Simmons, 964 F.2d 763, 767 (8th Cir.), cert. denied, 113 S. Ct. 632 (1992).
 
 
 6
 Accordingly, we affirm.